

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES WENDELL BONDS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0148 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging a May 26, 2006 prison disciplinary proceeding which resulted in the loss of 365 days of previously earned good time credits. The disciplinary proceeding took place at the Beto I Unit in Anderson County, Texas. As of the date the instant habeas application was filed, petitioner was incarcerated in the Clements Unit in Potter County, Texas.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner advises he is in respondent's custody pursuant to a November 3, 1992 conviction for the felony offense of aggravated robbery out of Dallas County, Texas. Petitioner

avers there was no deadly weapon finding made with regard to his conviction and that he is eligible for mandatory supervised release. TDCJ-CID online offender information, however, reflects the following convictions and sentences:

| Date | Offense | Sentence |
|---|---|---|
| September 2, 1992 | Aggravated robbery with a deadly weapon | 47 years |
| September 4, 1992 | Aggravated robbery with a deadly weapon | 60 years |
| October 22, 1992 | Aggravated robbery with a deadly weapon | 70 years |
| November 3, 1992 | Burglary of a habitation | 99 years |
| April 12, 1993 | Aggravated assault with a deadly weapon | 10 years |
| April 12, 1993 | Aggravated kidnaping | 47 years |
| April 12, 1993 | Take/attempt to take weapon from a peace officer | 10 years |
| April 12, 1993 | Attempted capital murder with a deadly weapon | 47 years |
| April 12, 1993 | Attempted capital murder with a deadly weapon | 47 years |
| April 12, 1993 | Escape | 10 years |

Contrary to his averments, petitioner clearly has numerous convictions wherein deadly weapon findings were entered. Therefore, while petitioner may have lost good time in his disciplinary proceeding, petitioner is <u>not</u> eligible for mandatory supervised release due to his various convictions involving a deadly weapon. *See* Tex. Gov't Code § 508.149(a) (previously Tex. Code of Crim. Proc. Art. 42.18, § 8(c) (1992)).[1]

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the

---

[1] The undersigned also notes, without further elaboration, that petitioner's application for federal habeas corpus relief is time barred under 28 U.S.C. § 2244(d).

United States District Judge that the petition for a writ of habeas corpus filed by petitioner

JAMES WENDELL BONDS be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of August 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).